IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN B. HOLLAND,
    Petitioner,

v.                                          Case No.  3:10cv410/MCR/MD

WALTER MCNEIL
    Respondent.
_____

**ORDER and
REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1), and petitioner's motion for leave to proceed *in forma pauperis* (doc. 2).  For the limited purpose of dismissing this action, leave to proceed *in forma pauperis* will be granted.  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that this petition is a "second or successive" habeas corpus application, and that petitioner has failed to obtain an order in the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") authorizing this court to consider the petition. Therefore, this action should be dismissed.

## DISCUSSION

In this habeas action, petitioner challenges his 1993 convictions for two counts of sexual battery of child under the age of twelve, two counts of lewd and lascivious acts, and two counts of promoting sexual performance by a child, entered in the Circuit Court of Escambia County, Florida. (Doc. 1, p. 1). He claims he is in custody in violation of due process and equal protection, arguing, *inter alia*, that the state court in his direct appeal "overlooked the fact that the transcript of the trial proceeding substantiate[s] that an essential element of the crime as charged was not established as a matter of law or as a matter of fact, evidencing that the jurors' guilty verdict was predicated upon compassion, due to the nature of the crime, and not upon competent evidence." (*Id.*, p. 3 ¶14). Petitioner admits on the petition form that he previously filed a § 2254 petition in federal court regarding the validity of his convictions. (*Id.*, p. 3 ¶ 13).

The court takes judicial notice of its own records[1] which confirm that on January 5, 1998, petitioner filed a § 2254 petition in this court challenging the same judgment of conviction. (*See Holland v. Singletary*, Case Number 3:98cv3/RV/SMN). The petition was denied on the merits on March 3, 2000. (*Id.*, docs. 14, 18 & 19). The Eleventh Circuit denied a certificate of appealabilty on July 5, 2000. (*Id.*, doc. 42).

Title 28 U.S.C. § 2244 provides: "<u>Before</u> a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added); *see also* Rule 9, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; *Burton v. Stewart*, 549 U.S. 147, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007); *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 2337, 136 L.Ed.2d 346 (1996); *In re Medina*, 109 F.3d 1560 (11th Cir. 1997). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that has

---

[1] The court has the authority to take judicial notice of its own documents. *See United States v. Rey*, 811 F.2d 1453, 1457 n. 5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

not been previously authorized by an appellate court. *Burton*, 127 S.Ct. at 796, 799 (holding that district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain order authorizing him to file second petition); *Hubbard v. Campbell*, 379 F.3d 1245 (11th Cir. 2004) (holding that district court was obliged to dismiss second or successive § 2254 petition for lack of subject matter jurisdiction, where petitioner failed to obtain Eleventh Circuit's permission to file it); *Fugate v. Dep't of Corrections*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

The record establishes that the instant habeas petition is second or successive, and that petitioner failed to obtain the requisite authorization from the Eleventh Circuit before filing the petition. This failure operates as a jurisdictional bar that precludes the district court's consideration of the merits of the petition. Therefore, this action must be dismissed.

<u>Certificate of Appealability</u>

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2254 Rule 11(b).

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If petitioner files an objection to this recommendation, he may bring this argument to the attention of the district judge in his objections.

Accordingly, it is ORDERED:

Petitioner's motion for leave to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1.  That the § 2254 petition (doc. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2.  That the clerk be directed to close this file and send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 27th day of October, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**